IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01357-PAB-BNB

TODD HAROLD COOPER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

## ORDER

This matter arises on the plaintiff's **Motion to Discover: Defendants Refusal to Comply** [Doc. # 36, filed 1/12/2009] (the "Motion to Compel"). I held a hearing on the Motion to Compel this morning and made rulings on the record, which are incorporated here.

The Motion to Compel does not clearly state with particularity the discovery requests at issue. Consequently, at the hearing I required the plaintiff to go through individually the responses which he believed to be inadequate and which gave rise to the motion. The plaintiff identified Requests 1, 2, 3, 4, 5, 7, 8, 14, 15, 16, 19, 20, 21, 22, and 23 as being in dispute.

IT IS ORDERED that the Motion to Compel is GRANTED IN PART and DENIED IN PART as follows:

DENIED with respect to Request No. 1 because all responsive materials have been produced;

GRANTED with respect to Request No. 2 to require the defendant to provide the current employment position and work address for B. Davis and E. Davis, and to require the defendant

to forward to L. Hendry at his or her last known address any materials reasonably requested by the plaintiff, and DENIED in all other respects as fully answered;

DENIED with respect to Request No. 3 because the information sought is neither relevant to nor reasonably calculate to lead to the discovery of admissible evidence concerning any matter at issue in the case;

GRANTED with respect to Request No. 4 to require the defendant to forward to E. McEachern at his or her last known address any materials reasonably requested by the plaintiff, and DENIED in all other respects;

DENIED with respect to Request No. 5 because all responsive materials have been produced;

DENIED with respect to Request No. 7 because the information sought is neither relevant to nor reasonably calculate to lead to the discovery of admissible evidence concerning any matter at issue in the case;

DENIED with respect to Request No. 8 because the information sought is neither relevant to nor reasonably calculate to lead to the discovery of admissible evidence concerning any matter at issue in the case;

DENIED with respect to Request No. 14 because the request is vague and overbroad, and because it is unreasonably burdensome in that it fails to provide sufficient information to allow the defendant to retrieve the information sought;

GRANTED with respect to Request No. 15 to require the defendant to conduct a thorough search for any inmate witness statements regarding the assault on the plaintiff and to

produce any such witness statements or to state unequivocally that no such witness statements exist, and DENIED in all other respects;

GRANTED with respect to Request No. 16 to require the defendant to produce any portions of the personnel files of Shultz, Morehead, Garcia, Fields, Miller, and Davis which reflect any discipline or adverse employment action taken against them as a result of the events alleged in the Complaint, and DENIED in all other respects;

DENIED with respect to Request No. 19 because the materials requested are not in the possession, custody, or control of the defendant;

DENIED with respect to Request No. 20 because the materials requested are not in the possession, custody, or control of the defendant;

GRANTED with respect to Request No. 21 to require the defendant to conduct a thorough search for any responsive videotapes and to produce any such videotapes or to state unequivocally that no such videotapes exist, and DENIED in all other respects;

DENIED with respect to Request No. 22 because all responsive materials have been produced;

DENIED with respect to Request No. 23 because all responsive materials have been produced; and

DENIED in all other respects.

IT IS FURTHER ORDERED that the production of additional materials may be conditioned on the entry of a reasonable blanket protective order, which the defendant shall prepare and submit for my review on or before **February 26, 2009**.

IT IS FURTHER ORDERED that the defendant shall make the supplemental discovery and provide a supplemental response to the plaintiff's requests consistent with the requirements of this order and in the form required by the Federal Rules of Civil Procedure on or before **March 6, 2009**.

Dated February 12, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge