IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01357-PAB-BNB

TODD HAROLD COOPER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**ORDER**
_____

This matter is before me on following motions filed by the plaintiff (the "Motions"):

1. **Motion for Sanctions: Continual Discovery Misconduct** [Doc. # 73, filed 05/14/2009];

2. **Motion to Compel Discover** [sic]**, Defendants** [sic] **Refusal to Comply** [Doc. #74, filed 05/14/2009]; and

3. **Motion for Extension of Time** [Doc. #76, filed 05/15/2009].

The Motions are DENIED.

On October 16, 2008, the plaintiff filed his first motion to compel discovery [Doc. #23]. I denied the motion at the Scheduling Conference [Docs. #25 and #27] because discovery had not yet commenced, and the plaintiff had not served the defendant with a proper request for discovery materials pursuant to the Federal Rules of Civil Procedure.

On January 12, 2009, the plaintiff filed his second motion to compel discovery [Doc. #36]. On February 12, 2009, I held a hearing on the matter, and I ordered the defendant to

provide supplemental discovery on or before March 6, 2009 [Docs. #50 and #51].  On March 6, 2009, the defendant filed its supplemental discovery responses [Doc, #58].

On March 12, 2009, the plaintiff filed a motion for sanctions against the defendant [Doc. #63].  The plaintiff stated that "as of March 9, 2009, no material has been provided by defendants [sic] in this case pursuant to the court's order."  I denied the motion [Doc. #68], noting that, with the exception of certain delays in connection with the plaintiff viewing a video, the defendant served the supplemental discovery on March 6, 2009.

The plaintiff filed the instant motion, his third motion to compel, on May 14, 2009.  The plaintiff asserts that the defendant has only produced part of the requested video.  In response, the defendant provides the Declaration of Benjamin J. Brieschke, Attorney Advisor at the United States Department of Justice.  *Defendant's Response to Motions* [Doc. #80] (the "Response"), Attachment 1.  Mr. Brieschke attests that "[t]he video tape that was made available to Plaintiff for his review was the entire video tape of the incident from all cameras.  No other video tape exists."  Id. at ¶ 5.  The defendant cannot be compelled to produce material that does not exist.

The plaintiff further asserts that he "requested discovery documentary information" on March 24, 2009, and on April 3, 2009, but the requests were ignored by the defendant.  The plaintiff does not identify with particularity the "requested discovery documentary information."

Local rule of practice 37.1, D.C.COLO.LCivR, specifies the form of discovery motions as follows:

> A motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed.

This is an important requirement. I cannot rule on a motion to compel in an informed manner unless I know precisely what was requested and the exact response.[1]

Finally, the plaintiff complains that on April 15, 2009, he submitted 12 interrogatories to the defendant, and the defendant ignored them. The defendant states that it has not received the interrogatories. *Response*, p. 2, ¶ 5; Attachment 1, ¶ 9. In addition, on May 20, 2009, counsel for the defendant wrote a letter to the plaintiff asking him to "[p]lease let me know what outstanding issues you still have regarding the discovery that has been sent to you," and the plaintiff did not respond. Id. at p. 2, ¶ 5 and Attachment 2.[2]

In addition to his motion to compel discovery, the plaintiff moves for sanctions and a 60 day extension of the discovery cut-off based on the defendant's "continual discovery misconduct." The record does not support the plaintiff's characterization of the defendant's behavior. The plaintiff's requests are denied.

IT IS ORDERED that the Motions are DENIED.

Dated January 15, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Although the defendant identified a letter dated March 24, 2009, "where Plaintiff insists he did not receive his complete FTCA file," *Response*, p. 4, Mr. Breischke attests that the plaintiff has received the entire FTCA file. Id. at Attachment 1, ¶ 7.

[2] The defendant states that it will respond to the interrogatories if the plaintiff re-mails them. Because I have recommended dismissal of this case by a separate recommendation, I do not reach this issue.

3