IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01357-PAB-BNB

TODD HAROLD COOPER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the defendant's **Motion to Dismiss Due to Plaintiff's Failure to Obey Court Order Requiring Submission to Deposition or Face Dismissal** [Doc. #81, filed 06/03/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that the Complaint be DISMISSED WITH PREJUDICE.

The plaintiff is currently incarcerated by the United States Bureau of Prisons ("BOP") at the Administrative Maximum Facility in Florence, Colorado ("ADX"). He filed his Prisoner Complaint [Doc. #3] (the "Complaint") on June 27, 2008. The Complaint alleges that prison officials at the United States Penitentiary in Atwater, California, failed to protect the plaintiff from an assault by fellow inmates on September 11, 2005.

On May 15, 2009, I received a telephone call from the defendant's counsel, J. Benedict Garcia, and the plaintiff, who is proceeding *pro se*. Mr. Garcia and the plaintiff stated that Mr. Garcia served the plaintiff with a notice for a deposition to occur on May 15, 2009. The plaintiff acknowledged that he received the notice 11 days prior to May 15, 2009, as required by

D.C.COLO.LCivR 30.1A.[1] *Motion*, Videoconferenced Deposition of Todd Harold Cooper (attached to the Motion), p. 8, ll 2-5; p. 14, ll. 22-25; p. 15, ll. 22-23.

Mr. Garcia had engaged the services of a court reporter, and he was attempting to take the plaintiff's deposition by video conference.[2] He stated that the plaintiff was refusing to proceed with the deposition "until questions are answered that he wants to ask me regarding other discovery matters." Id. at p. 14, l. 25 - p. 15, l. 6.

The plaintiff stated that "[t]here are several discovery questions that are two months old that haven't been answered or, you know, objected to or any other manner in accordance with Rule 26."[3] He further stated that under Local Rule 30.1(a), "it says he's supposed to confer with me in good faith to give me notice just so we could set a time between us, you know, in case I want to file a protective order or have time to prepare for this deposition. He didn't give me any time to prepare for it." The plaintiff complained that although he had 11 days notice, "it worked out 10 days" and he "didn't have time to file a protective orders [sic] and all that or any other matters." Id. at p. 15, l. 19 - p. 16, l. 11.

---

[1] In May 2009, the Local Rule stated that "reasonable notice" is not less than 11 days. The current version of the Local Rule states that "reasonable notice" is not less than 14 days.

[2] The plaintiff was attending the video conference from ADX. *Motion*, ¶ 2.

[3] Subsequent to the telephone call, the plaintiff filed two motions [Docs. #73 and #74]. The motions were signed by the plaintiff on May 11, 2009--four days before the deposition. One of the motions sought to compel discovery from the defendant. The other motion sought sanctions against the defendant for failing to provide the discovery. By separate order, I have denied the motions. The motions did not contain any basis which would have justified cancellation or delay of the deposition.

I asked the plaintiff if there was any reason that the deposition date was not convenient. The plaintiff again stated that he did not have time to prepare. I reminded him that he had 10 days, and I asked him why he needed more time. The plaintiff replied:

> Figure out what the heck this is. I'm not a lawyer. I don't know what type of restrictions I can put in a proposed order to stop. I mean, he is going to try to ask me all kinds of crazy questions in discovery to get this case dismissed. I have to bone up on the law. But, I mean, this is -- we got a discovery dispute because I have requests from March. Your Honor, you told me that he had 33 days to either provide the discovery or file a written objection, and he hasn't done it.

Id. at p. 16, l. 21 - p. 17, l. 13.

I informed the plaintiff that on the issue of failure to confer and inadequate notice, I was not persuaded that the deposition was being held at an inconvenient time or that the plaintiff had not had adequate time to prepare for the deposition, and I overruled those objections to the deposition. I further informed the plaintiff that he could certainly consult with Mr. Garcia about other outstanding discovery matters, but such discussion was not the purpose of the deposition. I directed Mr. Garcia to confer in good faith with the plaintiff at a reasonable time about any outstanding discovery matters, and I ordered the plaintiff to proceed with the deposition.[4] I warned the plaintiff that his failure to comply with my order to proceed with the deposition could result in the imposition of sanctions, including the dismissal of his case. Id. at p. 17, l. 14 - p. 18, l. 7.

---

[4] Rule 30(a)(2)(B), Fed.R.Civ.P., provides that a party must obtain leave of court to depose an individual who is confined in prison. The plaintiff has not objected to the defendant's failure to obtain leave prior to scheduling the plaintiff's deposition, and I implicitly granted leave when I ordered the plaintiff to proceed with his deposition.

After the call was concluded, the plaintiff refused to proceed with the deposition. The defendant seeks dismissal of the Complaint pursuant to Rule 41(b), Fed.R.Civ.P.

Rule 41(b) provides that if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action against it.[5] Before recommending dismissal of a case under Fed. R. Civ. P. 41(b), I must consider and address the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992), which include (1) the amount of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the litigant's culpability; (4) whether the litigant was warned in advance that dismissal was a likely sanction; and (5) whether a lesser sanction would be effective. See Cosby, 351 F.3d at 1333.

I find that the defendant has suffered prejudice as a result of the plaintiff's failure to comply with my order to proceed with the deposition. Defense counsel prepared for the deposition, and the defendant incurred the cost of the court reporter and the staffing required to conduct the deposition of an incarcerated individual. In addition, the defendant is unable to adequately prepare a dispositive motion without the plaintiff's deposition testimony.

The plaintiff's failure to comply with my order has caused disruption in my docket. Rather than attending to the merits of this and other cases, I have been required to devote attention to the plaintiff's failure to proceed with his deposition. In addition, the plaintiff's failure to comply with my order demonstrates a lack of respect for the judicial process and the law, and it substantially interferes with the ability of the Court to exercise its case administration

---

[5]I note that dismissal is also an available sanction under Rule37(b)(2)(A), which provides that if a party fails to obey an order to provide or permit discovery, the court may dismiss the action.

authority. Where, as here, a party flaunts a court's direct order, the fundamental mechanism by which justice is administered is harmed.

I find that the plaintiff alone is responsible for his failure to comply with my order. Indeed, it is clear from the record that he intentionally disregarded my order. *Motion*, Videoconferenced Deposition of Todd Harold Cooper, p. 20, ll. 15-17 (stating on the record that he was refusing to go forward with the deposition because he disagreed with my ruling). As in Ehrenhaus, the plaintiff's deliberate refusal to comply with my order constitutes bad faith and wilful disobedience of a court order. Ehrenhaus, 965 F.2d at 921.

The plaintiff had ample warning that his case would be dismissed for noncompliance with my order. In addition to my warning, Mr. Garcia warned the plaintiff three times on the record that his case could be dismissed if he failed to proceed with the deposition. *Motion*, Videoconferenced Deposition of Todd Harold Cooper, p. 5, l. 24 - p. 6, l. 1; p. 20, ll. 15- 19; p. p. 21, ll. 6-11.

Finally, I conclude that no sanction less than dismissal would be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #2]. Consequently, a monetary sanction would be ineffective.

In response to my direct questioning over the telephone, the plaintiff was unable to articulate any specific reason why the deposition time was unreasonable or inconvenient. He provided only vague statements that defense counsel was "supposed to confer" with him prior to setting the deposition and that he did not "have time to file a protective orders and all that or any other matters." The plaintiff did not provide any basis for entry of a protective order, nor did he articulate a valid reason to delay the deposition. The plaintiff was repeatedly warned that his

failure to proceed with the deposition could result in dismissal of his case. Despite these warnings and without justification, he deliberately refused to participate in the deposition.

In his response to the defendant's Motion, the plaintiff continues to focus on Mr. Garcia's failure to contact him prior to scheduling the deposition, but he does not set forth any legitimate reason why the May 15, 2009, date was inconvenient or unreasonable.[6] *Response to Docket #81, Motion to Dismiss* [Doc. #87] (the "Response"). Most importantly, the plaintiff has not provided any justification for failing to go forward with his deposition after I overruled his objections and ordered him to proceed with the deposition.[7]

Under these circumstances, I am convinced that dismissal of this case with prejudice is an appropriate sanction.

I respectfully RECOMMEND that the plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed.R.Civ.P., for his failure to comply with my order to proceed with his deposition.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections

---

[6] In my telephone conversation with the plaintiff on May 15, 2009, he complained that he did not have time to submit a motion for a protective order or other papers. As of today's date, he has not filed a motion for a protective order, and the record does not contain any basis for a protective order.

[7] In his Response, the plaintiff accuses me of being "biased" and "prejudiced" against him. *Response*, pp. 2, 4. I hold no bias nor enmity against the plaintiff. Moreover, the record does not contain any justification for an allegation of bias, and the plaintiff has not presented any facts from which a reasonable person could infer or conclude that I am biased or prejudiced against him.

6

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 15, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge